(19 Misc. Rep. 170.)

## STAIGER v. THEISS et al.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. JUDGMENTS—FIRM NOTE—PARTNER NOT SERVED.
    A judgment of a district court of New York City against a partner on a firm note will not be disturbed because he was not served with summons, since the consolidation act (Laws 1882, c. 410) provides that in such cases judgment may be entered as prescribed in Code Civ. Proc. § 1932, against each member of the firm; and execution against the partner not served shall issue.

under section 1934, only against the property owned by him jointly with the defendants who were summoned.

**2. PROMISSORY NOTE—ACTION BY PAYEE AGAINST INDORSER—BURDEN OF PROOF.**

The burden of proving, in an action by a payee against an indorser, that the indorsement was for the benefit of the maker, is not sustained where the indorser testified that it was made for the accommodation of the payee, and the payee admitted that he had asked the indorser to sign in order that the note might be negotiated, and the indorser further testified that the payee promised that he would not be held on the indorsement, which was not contradicted.

Appeal from Fourth district court.

Action by Charles Staiger against George Theiss and others on a promissory note. There was a judgment in favor of plaintiff, and defendants appealed. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jacob Fromme and Fromme Brothers, for appellants.

Samuel Hoffman, for respondent.

DALY, P. J. The plaintiff has recovered judgment upon a promissory note dated April 8, 1896, at four months, for $90, made by G. Theiss & Bro. to his order, and indorsed by Charles Wahn. Two appeals are taken, one by John Henry Theiss, a member of the firm of Theiss Bros., and the other by Charles Wahn. These appeals will be considered separately.

John Henry Theiss appeals because it appears by the record that the summons in the action was not served upon him, and therefore he claims that judgment could not be entered against him. As he was a member of the firm which made the note, and the summons was served upon his co-partner, it was proper to enter judgment against both. The consolidation act (section 1395) provides that where an action is brought against two or more partners jointly indebted upon contract, and the summons is served upon one or more, but not upon all of them, the judgment must be entered against all in the manner prescribed in section 1932 of the Code; and sections 1933, 1934, and 1935 of the Code are made applicable to such a judgment, and to each execution thereon, except that, where the clerk of the court or the county clerk issues the execution, he must make the indorsement prescribed in section 1934. The provisions of the Code referred to prescribe, with respect to judgments, that an execution upon a judgment against joint debtors must be, in form, against all the defendants, but that the attorney for the judgment creditor must indorse thereon a direction to the sheriff containing the name of each defendant who was not summoned, and restricting the enforcement of the execution, so that it shall not be levied upon the sole property of such defendant, though it may be collected out of the property owned by him jointly with the defendant who was summoned. As we have seen, this indorsement in the case of a judgment of a district court must be made by the clerk of the court, or by the county clerk who issues the execution. The consolidation act proceeds, further, to declare (section 1396) that the clerk who gives a transcript must designate in it each defendant who has been summoned, and that the clerk who dockets the judgment must make in the docket, under or opposite the name

of each defendant not summoned, an entry as prescribed in section 1936 of the Code, which entry is to be, "Not summoned." Code, § 1936. It thus appears that judgment was properly rendered against both the co-partners of the firm which made the note in suit, and that, as the record shows that John Henry Theiss was not summoned, the information is furnished to the clerk who issues the execution or gives the transcript by which he is entitled to specify that the defendant John Henry Theiss was not summoned, and so to give him the full protection conferred by law. Nothing in the consolidation act nor in the Code prescribes that the justice is to render any different judgment from that which he had given in this case. The judgment against John Henry Theiss must therefore be affirmed.

The appeal of the defendant Charles Wahn presents a different question. He is sued as indorser by the payee of the note, and it was therefore incumbent upon the latter to show that the indorsement was made to give the maker credit with the plaintiff as payee. The defendant claims to have indorsed for the accommodation of the payee, and to enable him to transfer the note to one Saulpaugh. The evidence as to how the indorsement came to be made is very meager, and falls far short of sustaining the burden that was upon the plaintiff, if, indeed, it does not indicate that the appellant's contention was correct. It was shown that the indorser received no consideration for his indorsement. The plaintiff, on cross-examination, was asked:

"Q. You and I and Mr. Theiss and Mr. Saulpaugh's attorney asked him to sign it, and he did? A. Yes, sir. Q. Did you not say at the time that the reason why Saulpaugh would not take it was unless you could give him an indorsement? A. He asked for an indorsement. Q. That is the reason he signed it? A. I suppose so."

While the defendant admitted that he had indorsed many notes for the accommodation of these brothers, and two others to the plaintiff, he stated that the plaintiff said he would not be held on this indorsement. This was not denied by the plaintiff. The utmost that can be said in favor of plaintiff upon the evidence is that it is uncertain whether Wahn indorsed for the accommodation of Theiss Bros., or for the accommodation of the plaintiff. If the former, the fact must be made to appear by a preponderance of evidence, in order to entitle the plaintiff to judgment.

Judgment against Charles Wahn reversed. New trial ordered, with costs to the appellant Wahn to abide the event; and judgment against the other defendants affirmed, with costs. All concur.